IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

FEB 03 2026

JENNIFER P. LYONS, CLERK
BY_____
DEPUTY CLERK

DARRON JEFFRIES,

    Plaintiff,

v.     Civil Action No. _____

UNITED STATES POSTAL SERVICE,

    Defendant,

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I. INTRODUCTION

1. This is an action under the **Freedom of Information Act ("FOIA"), 5 U.S.C. § 552**, to compel the production of agency records that the **United States Postal Service ("USPS")** has improperly withheld.

2. FOIA was enacted by Congress to **"pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."** *Dep't of Air Force v. Rose*, 425 U.S.

3

352, 361 (1976)[1]. Records held by federal agencies are critical to determining whether those agencies are acting lawfully.

3. This suit is necessary because the USPS has failed to make a timely determination and continues to delay the production of records even after the **Office of the General Counsel** issued an **Opinion and Order** on December 1, 2025, finding the agency's initial denial legally **"inappropriate"**.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under **5 U.S.C. § 552(a)(4)(B)** and **28 U.S.C. § 1331**.

5. Venue is proper in the **District of Maine** because the Plaintiff resides in Union, Maine. Under **5 U.S.C. § 552(a)(4)(B)**, a requester has the absolute right to bring suit in the district where they reside, where the records are located, or in the District of Columbia.

## III. STATUTORY BACKGROUND & SUPREME COURT PRECEDENT

6. The **Supreme Court** has established that FOIA requires federal agencies to make records available to the public unless they fall under nine narrowly construed exemptions. *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011).

---

[1] In *Department of the Air Force v. Rose*, 425 U.S. 352 (1976), the Supreme Court considered whether personal records maintained by federal agencies could be disclosed under the Freedom of Information Act. The Court examined FOIA's mandate for public access while balancing it against the statute's protections for personal privacy.

4

7. To obtain injunctive relief, a plaintiff must show that an agency has **(1) "improperly" (2) "withheld" (3) "agency records"**. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

8. **First-Party Exception:** In **First Circuit** litigation and nationwide, the controlling authority for first-party requests is **U.S. Department of Justice v. Julian, 486 U.S. 1 (1988)**[2]. The Supreme Court held in *Julian* that an agency **cannot invoke a privacy exemption** to protect a requester from receiving information about themselves.

9. Therefore, when a requester is the subject of the records (as in this case involving Plaintiff's own **Employee Identification Number (EIN)**[3], the privacy interest that **Exemption 6** is intended to protect is nullified.

10. **Balancing Test:** While agencies normally balance privacy against public interest (*U.S. Dep't of State v. Ray*, 502 U.S. 164 (1991))[4], the Supreme Court recognized that the identity of the requester is highly relevant when that requester is the subject of the records.

---

[2] In *U.S. Department of Justice v. Julian*, 486 U.S. 1 (1988), the Supreme Court held that individuals are entitled to obtain their own records and that an agency may not rely on privacy-based exemptions, including Exemption 6, to withhold information about the requester. The decision affirms that FOIA guarantees individuals access to records concerning themselves maintained by federal agencies.

[3] The Plaintiff provided his USPS Employee Identification Number (EIN 04677512), along with two forms of government-issued identification.

[4] In *U.S. Department of State v. Ray*, 502 U.S. 164 (1991), the Supreme Court recognized that the requester's identity is relevant when they are the subject of the records sought. In such circumstances, the usual balance between personal privacy and the public interest shifts toward disclosure because the requester is seeking information about themselves.

## IV. FACTUAL ALLEGATIONS

11. On September 13, 2025, Plaintiff submitted FOIA Request PS 8170 to (1) Kathleen Walker, District Human Resources Manager, via Priority Mail (Tracking No. 9505 5146 7637 5256 9246 94), and (2) Mark Griffin, District Labor Relations Manager, via Priority Mail (Tracking No. 9505 5146 7637 5256 9246 70). Plaintiff did not receive a written response from either recipient. (*See* Attached Exhibits)

12. On October 10, 2025, Plaintiff submitted FOIA Request **No. 2026-FPRO-00109**, seeking all records regarding a **Letter of Warning (LOW)** issued on **April 25, 2025**. Plaintiff was unaware of this discipline at the time of issuance; the LOW currently remains in his permanent personnel file for a **two-year** period.

13. The USPS initially issued a **"Glomar" response** on October 23, 2025, refusing to confirm or deny the existence of records by citing **Exemption 6**.

14. On appeal **(No. 2026-APP-00028)**, the USPS Office of the General Counsel admitted that because the records pertain to the requester, a **Glomar response was inappropriate**.

15. Under **5 U.S.C. § 552(a)(6)(A)(i)**, the agency was required to determine whether to comply within **20 working days**.

16. Because the USPS has failed to produce records following the General Counsel's remand, Plaintiff has **constructively exhausted** all administrative remedies. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir. 1990).

6

## V. CLAIMS FOR RELIEF

### COUNT I: Failure to Respond Within Statutory Time Limits

17. USPS violated **5 U.S.C. § 552(a)(6)(A)** by failing to produce records or a final determination within the time allowed by law.

### COUNT II: Failure to Conduct an Adequate Search

18. USPS violated its obligation to make a reasonable effort to search for records, including physical files and electronic metadata (**ACE ID logs** and **Click-N-Ship data**). The actual document that is on the **eOPF file** has **USPS tracking numbers** that are redacted, preventing the Plaintiff from verifying the dates and when these documents were mailed. This mailing was conducted with **USPS funds** for the cost of doing business; therefore, no personal privacy protections apply to this metadata. This information is critical because, pursuant to **USPS Handbook EL-921**[5] and **ELM Section 651**, disciplinary actions are not handled solely by local supervisors. While the immediate supervisor[6] is the issuing official under **ELM 651.5**[7], **Handbook EL-921** and **Management Instruction EL-380**[8] mandate that supervisors consult with **District Labor Relations** to draft the specific charges and ensure technical compliance. The Plaintiff contends that the District

---

[5] See U.S. Postal Service, *Handbook EL-921: Supervisor's Guide to Handling Grievances*, available at http://local300npmhu.org/wordpress-content/uploads/2013/07/EL-921-Supervisors-Guide-to-Handling-Grievances.pdf.

[6] See U.S. Postal Service, *Employee and Labor Relations Manual* (ELM) § 650.

[7] See U.S. Postal Service, *Employee and Labor Relations Manual* (ELM) § 651.5.

[8] See U.S. Postal Service, *Management Instruction EL-380-2017-7: Procedures for Proposed Adverse Actions Against EAS Levels 1–19* (Aug. 16, 2018), available at https://naps.org/files/galleries/Revising_(MI)_EL-380-2017-7_Moore_8_16_18.pdf.

Labor Relations office served as the actual drafting authority for this discipline using information provided by the local supervisor. Consequently, the withheld **ACE ID logs, Click-N-Ship data**, and unredacted tracking numbers are required to prove the timeline of this District-level drafting process and whether the USPS followed its own mandatory protocols for concurrence and timely issuance. The refusal to release this information suggests the USPS is attempting to conceal a failure to follow these exact protocols or a violation of the contractual timelines for issuing discipline.

### COUNT III: Wrongful Withholding of Agency Records

19. USPS is wrongfully withholding records that, pursuant to **Handbook AS-353**[9] and the **ELM**[10], must be retained in original paper form for **two years** and be available to the claimant on demand.

### VI. VAUGHN INDEX REQUIREMENT

20. In accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), when an agency withholds information under **FOIA exemptions**, it must provide a detailed index, known as a Vaughn Index, justifying each withholding with specific reasons.

---

[9] See USPS Handbook AS-353, *Guide to Privacy, the Freedom of Information Act, and Records Management*, available at https://about.usps.com/policy/as353_pol.pdf.

[10] USPS employee records are governed by the Records Control Schedules contained in the ELM Appendix and in Handbook AS-353, both of which prescribe mandatory retention periods for specific categories of personnel documents. These schedules require that personnel files be maintained in compliance with federal recordkeeping standards, including minimum retention periods—often at least three years for certain records. The applicable schedules are published in the ELM Appendix (available at https://about.usps.com/manuals/elm/elmapdx.pdf)..

21. **The Vaughn Index** serves to ensure meaningful judicial review by allowing the requester and court to evaluate the validity of the agency's claims of exemption.

22. USPS has **failed** to provide a Vaughn Index, which is essential to assess the applicability of the exemptions claimed and the appropriateness of any redactions.

23. This omission hinders Plaintiff's ability to challenge the USPS's withholding and constitutes a further **violation of FOIA procedures**.

24. Pursuant to USPS policy, as outlined in ELM Section 349.3 of the **Official Personnel Folder**[11], the official record of a document is the hard copy until it is scanned and accepted into the eOPF system[12].

---

[11] See USPS Employee and Labor Relations Manual (ELM), Chapter 3, available at https://about.usps.com/manuals/elm/html/elmc3_016.htm.

[12] ELM 349.3 governs the Postal Service's Electronic Official Personnel Folder (eOPF) system. Under this provision, a document in an employee's Official Personnel Folder (OPF) remains an official record in hard-copy form until it is scanned and accepted into the eOPF system. Once the scanned image is incorporated into the eOPF, the electronic version becomes the official record, and the hard copy no longer holds that status.
Two exceptions apply:
1. When a PS Form 50 (Notification of Personnel Action) is created electronically and stored in the Postal Service's human resources information system—without ever being printed and placed in the OPF—the electronic version constitutes the official record.
2. When any document is created electronically and stored directly within the eOPF system, the electronic version maintained in the eOPF is the official record.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. **DECLARE** that the Defendant's failure to timely disclose the records is a violation of FOIA;

B. **ORDER** Defendant to conduct an adequate search for all records, including **PDI or I&I**[13,14] **questions**, eOPF entry logs, and **physical photos** (color) showing the original signature on all instruments used;

C. **ORDER** Defendant to produce a sworn Vaughn Index listing every document withheld under a claimed FOIA exemption and justifying each withholding;

D. **ORDER** Defendant to provide all records via **email** and **Priority Mail**;

E. **AWARD** Plaintiff Priority Mail with tracking mailing costs, specifically the recovery of filing fees, pursuant to **5 U.S.C. § 552(a)(4)(E).**

Respectfully submitted,

*/s/ Darron Vaughn Jeffries*

Darron Vaughn Jeffries (Pro se)
PO Box 11
Union, ME 04862
deeveejay@outlook.com

**Date: February 3, 2026**

---

[13] The Postal Service's disciplinary framework distinguishes among pre-disciplinary interviews (PDIs), investigative interviews (I&Is), and the procedures outlined in ELM 650 governing appeals and grievance processes. These components collectively define the steps required before disciplinary action may be taken. See National Association of Postal Supervisors, *PDI vs. I&I: Are They the Same Thing?*, available at https://naps.org/post/PDI-vs-I-and-I-Are-They-the-Same-Thing..

[14] ELM 650, Section 651.2 (Representation) provides that employees covered by these provisions are entitled to request representation during investigative questioning when they have a reasonable belief that the questioning may result in disciplinary action.