**UNITED STATES POSTAL SERVICE**®

DISC 04677512

ME-NH-VT DISTRICT

**UNITED STATES POSTAL SERVICE**

9471 2301

Date: April 25, 2025

To:   Darron Jeffries
      341 Center St. Apt 1
      Old Town ME

Employee ID # 04677512
Employing Office: Rockland PO
Position — Supervisor, Customer Services

Subject: Letter of Warning - Performance

CHARGE:    FAILURE TO SATISFACTORILY PERFORM YOUR DUTIES OF YOUR POSITION

Specifically, I instructed you on March 13, 2025, and again on March 21, 2025, to complete four (4) past due RCT training with a deadline of March 24, 2025. In addition, on March 22, 2025, I gave you instructions regarding your end of day duties to perform the daily "pull-up play" with step-by-step instruction and links to complete by end of day.

During the Investigative Interview conducted on March 26, 2025, I asked you, "is it true that you were instructed to complete training on 3/13 and again on 3/21 with a deadline of 3/24?" You replied, "Yes". I asked you, "How many of the required training did you complete?". You replied, "One (1)." I asked you, "Do you consider getting one of four past due trainings complete in 12 calendar days to be timely?" You responded, "No, I do not". I asked you, "On 3/22, the pull-up play I require you to complete nightly was not done, which resulted in compliance items being missed. Can you explain what happened?" You replied, "Forgot, thought that I sent it." I asked you, "Do you understand that the nightly pull-up play is a requirement every single night that you are scheduled?" You replied, "Yes".
I asked you, "Are you aware according to the ELM 665.15, Employees must obey the instruction of their supervisors. If an employee has reason to question the propriety of a supervisor's order, the individual must nevertheless carry out the order and may immediately file a protest in writing to the official in charge of the installation or may appeal through official channels." You replied, "Yes". I asked you, "Are you aware that according to the ELM 665.13, Employees are expected to discharge their assigned duties conscientiously and effectively". You replied, "Yes".

Your actions are in violation of the following pertinent sections of the Employee and Labor Relations Manual (ELM):

665.13 Discharge of Duties

Employees are expected to discharge their assigned duties conscientiously and effectively.

665.15 Obedience to Orders

Employees must obey the instructions of their supervisors. If an employee has reason to question the propriety of a supervisor's order, the individual must nevertheless carry out the order and may immediately file a protest I writing to the official in charge of the installation or may appeal through official channels.

It is hoped that this official Letter of Warning will serve to impress upon you that you are required to accomplish assigned tasks by the due date that has been given to you. If you are having difficulties, of which I may not be aware or if you need additional assistance or instructions for improving your performance, please communicate with me or call me and I will assist you where possible. However, I must warn you future deficiencies could result in more severe disciplinary action being taken against you. Such action may include suspension, reduction in grade and/or pay, or removal from the Postal Service.

You may appeal this letter of warning in accordance with section 652 of the Employee and Labor Relations Manual within 10 calendar days from the date you receive this letter.

23



**UNITED STATES POSTAL SERVICE®**

**Freedom of Information Act (FOIA) Request Report**

**NOT FOR EXTERNAL USE** - This form is for use by U.S. Postal Service Staff Only

**COMPLETE THIS FORM FOR** any written request for Postal Service records processed in accordance with the "Freedom of Information Act" (see 39 CFR 265 and USPS® Handbook AS-353). See instructions that follow.

**IMPORTANT:** You must forward a completed PS Form 8170, the initial request, and any partial and final responses to your FOIA Coordinator the day you provide a response to the requester. The FOIA Coordinator will review and forward to the appropriate FOIA Requester Service Center (RSC). (See Handbook AS-353.) You can find the list of FOIA Coordinators at http://blue/uspslaw/Privacy/records/foia_resources.htm.

**FOIA Case No.** (If one has been assigned)

1. Requester's Name *(First, MI, Last)*: Darron V Jeffries
2. Requester's Title: Supervisor of Customer Service
3. Requester's Organization: Myself - USPS
4. Requester Type *(Check one)* Current - USPS Postal Employee
   ☐ Commercial  ☐ Education/Science  ☐ Media  ☒ Other
5. Date of Request *(MM/DD/YYYY)*: September 12, 2025
6. Date Request Received *(MM/DD/YYYY)*:
7. Full name of person or organization on whose behalf request is made: Darron V Jeffries
8. Type of Request *(Check one)*: ☒ Simple  ☐ Complex
9. Was expedited processing requested? ☐ Yes ☐ No
   If Yes, was expedited processing granted? ☐ Yes ☐ No
   Date the Requester was Notified: September 15, 2025 *(MM/DD/YYYY)*
10. Was a fee waiver requested? ☐ Yes ☐ No
    If Yes, was a fee waiver granted? ☐ Yes ☐ No
    Date Requester Notified: _____ *(MM/DD/YYYY)*
11. Description of Records Requested: Who sent in the document?
    All information related to Discipline given on April 25, 2025 for EIN:04677512
    This request includes the PDI questions asked on file to write the discipline.
    Dates and names of PERSON(S) entering information in eOPF.
    Actual physical photos of the document on file, front and back, no photo copies.
12. Partial Response Sent ☐ Yes ☐ No
    If Yes, date(s) sent: _____
13. Date Final Response sent to the Requestor: _____ *(MM/DD/YYYY)*
14. Final Disposition Action Taken (Check the one box that reflects the predominant action taken. If the records were denied in full or in part, the exemption(s) and statute relied upon to withhold those records must be indicated.)
    ☐ Records Granted in Full
    ☐ Records Denied in Full pursuant to exemption(s) *(Check all exemptions that apply on page 2)*
    ☐ Records Granted and Denied in part pursuant to exemption(s) *(Check all exemptions that apply on page 2)*
    **Other Reason**
    ☐ No records exist
    ☐ Referred to another component or agency
    ☐ Request withdrawn
    ☐ Fee-related reason
    ☐ Records not reasonably described
    ☐ Improper FOIA request for some other reason
    ☐ Not an agency record
    ☐ Duplicate request
    ☐ Other *(Specify Reason)* _____
15. Was a discretionary release of information made for this request? ☐ Yes ☒ No
    a. If Yes, what exemption(s) would have applied? _____
    b. Types of records: Personnel File - eOPF/OPF
16. Accountability of PS Form 8170
    a. PS Form 8170 Preparer's Name *(First, MI, Last)*: Darron V Jeffries
    b. Telephone Number (include area code): 207.404.1135
    c. Date PS Form 8170 was completed: 13-Sept-2025
    d. Office/Facility: Rockland, Maine 04841
    e. District, Area or HQ Department: ME-NH-VT
17. Enter Total Number of Hours Used to Process the Request in Half Hour Increments _____

Name of FOIA Coordinator _____ 24   Date Reviewed _____

PS Form **8170**, January 2016 *(Page 1 of 3)* Name of Requester: Darron V Jeffries  Signature: _____  Date: 13-Sept-2025

Photos of FOIA mailed on September 13, 2025 from Union, ME 04862 USPS Post Office





Privacy & Records Management Office


**UNITED STATES POSTAL SERVICE**

October 23, 2025

Via Email: deeveejay@outlook.com

Darron Jeffries
PO Box 11
Union, ME 04862-0011

RE: FOIA Case No. 2026-FPRO-00109

Dear Mr. Jeffries:

This responds to your Freedom of Information Act (FOIA) request dated October 10, 2025 for access to Postal Service records. Specifically, you requested:

**All information related to Letter of Warning (LOW) Discipline given on April 25, 2025 associated with the EIN you provided. This request includes the PDI questions asked on file to write the discipline.**

**To also be included the dates of when and names of PERSON(S) entering ALL physical information in eOPF from 03/25/2025 To 10/09/2025.**

Although, the FOIA generally requires federal agencies to disclose to the public reasonably described records within their possession, the FOIA contains several exemptions that permit agencies to withhold certain records. Additionally, an agency may refuse to either confirm or deny that it has relevant records when disclosing the existence or nonexistence of responsive records would itself cause a harm protected under the FOIA statute.

In this instance, the Postal Service asserts Exemption 6 as a basis for declining to acknowledge whether responsive records exist because such acknowledgment would constitute a clearly unwarranted invasion of an individual's personal privacy. Acknowledging the existence or nonexistence of disciplinary action issued to individuals would compromise the individual's personal privacy interest because the confirmation in and-of-itself could release potential performance, conduct and/or disciplinary information about an individual and whether a person was disciplined. Thus, the Postal Service declines to conduct a search for the records requested and will neither confirm nor deny whether responsive records exist.

If you are not satisfied with the response to this request, you may file an administrative appeal within 90 days of the date of this response letter by writing to the General Counsel U.S. Postal Service 475 L'Enfant Plaza SW Washington, DC 20260 or via email at FOIAAppeal@usps.gov Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. The letter of appeal should include, as applicable:

(1) A copy of the request, of any notification of denial or other action, and of any other

475 L'Enfant Plaza SW, Rm. 1P830
Washington DC  20260-1101
(202) 268-2608
Fax: (202) 268-5353

related correspondence;
(2) The FOIA tracking number assigned to the request;
(3) A statement of the action, or failure to act, from which the appeal is taken;
(4) A statement identifying the specific redactions to responsive records that the requester is challenging;
(5) A statement of the relief sought; and
(6) A statement of the reasons why the requester believes the action or failure to act is erroneous.

For further assistance and to discuss any aspect of your request, you may contact:

PRIVACY & RECORDS OFFICE
US POSTAL SERVICE
475 L'ENFANT PLAZA SW RM 1P830
WASHINGTON DC 20260-1101
Phone: (202) 268-2608
Fax: (202) 268-5353
Email: FOIA12@usps.gov
FOIA Public Liaison: Nancy P. Chavannes

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*Daneisha White*

Daneisha E. White
Lead Government Information Specialist

## FOIA Appeal: Denial based on Exemption 6 (Personal Records)

Darron Vaughn Jeffries
PO Box 11
Union, ME 04862-0011
Email: deeveejay@outlook.com

October 30, 2025

General Counsel U.S. Postal Service
475 L'Enfant Plaza SW, Rm. 1P830
Washington DC 20260-1101

**SUBJECT: FORMAL APPEAL OF FULL DENIAL UNDER THE FREEDOM OF INFORMATION ACT (FOIA)**

**FOIA Case No. 2026-FPRO-00109**

**Dear Appeals Officer:**

This letter constitutes a formal appeal under the Freedom of Information Act (5 U.S.C. § 552) and agency regulations regarding the denial of my initial FOIA request, which was dated **October 10, 2025.**

My request sought records pertaining solely to **my person and my activities** (e.g., personnel file, medical records, or records detailing). All information related to **Letter of Warning (LOW)** Discipline given on April 25, 2025, for **Employee Identification Number (EIN): 04677512**. This request includes the PDI or I&I, questions asked on file to write the discipline. To also be included the dates of when and names of PERSON(S) entering ALL physical information in Electronic Online Personnel Folder (eOPF). Actual physical photos of the document on file, front and back, no photo copies. This needs to show original signature instrument (pen, pencil, marker, etc.,). Not any electronic, scanned, digital or transposed signatures that may have been sent to be put on Letter of Warning for the eOPF official record. **Pursuant to AS-353, Guide to Privacy, the Freedom of Information Act, and Records Management - Section 4.3.2 Responding to Requester's Request for Notification of or Access to Records About Himself or Herself Under the Privacy Act. ELM 55 - Employee and Labor Relations Manual - Appendix - Record Control - Employment Administration - 64. Supervisors' Personnel Records (120.190).** "Dispose of when 2 years old if there has been no disciplinary action initiated against the employee during the period." These are to be retained in the original paper form (not scanned in electronically) for **TWO YEARS** and should be available to the claimant on demand as it is the personnel file of the Supervisor of Customer Service, Rockland, ME. This is the **THIRD**

1

request for these documents. The **FIRST** FOIA request was sent by mail on September 13, 2025 by Priority Mail to the District Labor and Human Resources Managers. The **SECOND** FOIA request was sent electronically on October 10, 2025. This document is for my own use as it is my own personnel file. I am the actual living person, asking for my own records. Also, it does not succeed the cost for a charged FOIA, 100 sheet requests.
The agency's response, dated **October 23, 2025. FOIA Case No. 2026-FPRO-00109**, was a **FULL** denial of the requested records.

**Grounds for Appeal**

The agency improperly withheld information by citing **Exemption 6** of the FOIA, 5 U.S.C. § 552(b)(6). Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

The application of this exemption in this case is improper and contrary to established FOIA precedent for the following reasons:

1. **Supreme Court Precedent on First-Party Requests:** The withholding of records about the requester under a privacy exemption is directly contradicted by U.S. Supreme Court precedent. In **U.S. Department of Justice v. Julian, 486 U.S. 1 (1988)**, the Court recognized a special "first-party" exception, holding that an agency cannot invoke a privacy exemption to protect a requester from receiving information about themselves. The identity of the requester *is* relevant when that requester is the subject of the records.

2. **Inapplicability of Privacy Test:** Exemption 6 is designed to protect against a "clearly unwarranted invasion of personal privacy" upon disclosure to the *public or a third party*. Since I am the subject of the records, the privacy interest that Exemption 6 is meant to protect is nullified. Disclosure to me cannot, by definition, constitute an invasion of my own privacy.

3. **No Clearly Unwarranted Invasion:** As the requester is the subject, there is no privacy interest to balance against any public interest. Consequently, the threshold requirement of a "clearly unwarranted invasion of personal privacy" is not met. I urge the agency, as bound by U.S. Supreme Court authority applicable within the US First Circuit Court of Appeals and nationwide, to release all responsive records.

I request that the agency conduct a full *de novo* review of the denial. I urge the agency to release all records previously withheld under Exemption 6, as the law does not permit the **UNITED STATES POSTAL SERVICE** to withhold an individual's own records from them using this particular exemption.

## Conclusion

I request that you promptly review this appeal and issue a final determination, providing all records originally withheld under the aforementioned exemption. If the decision remains a denial, I request a detailed explanation of the appellate decision, including the specific legal basis for applying Exemption 6 to records about me, in light of the *Julian* precedent, as well as notification of my right to judicial review.

Thank you for your timely consideration of this matter.

**Sincerely,**

Darron Vaughn Jeffries

Attachment(s):

*AS-353 – Section 4.3.2.5 Verifying Requester's Identity for Access Request*

State of Maine - Driver's License

U.S. Customs and Border Protection (CBP) and the Canada Border Services Agency (CBSA) - NEXUS Card

Denial response to Freedom of Information Act (FOIA) request dated October 10, 2025 for access to Postal Service records for Darron Vaughn Jeffries. EIN: 04677512.

PRIVACY AND RECORDS MANAGEMENT OFFICE



November 6, 2025

Via Email: deeveejay@outlook.com

Darron Jeffries Jeffries
Supervisor Customer Service
USPS
PO Box 11
Union, ME 04862-0011

RE: Freedom of Information Act (FOIA) Appeal - 2026-APP-00028

Dear Mr. Jeffries:

This will acknowledge receipt of your FOIA appeal regarding FOIA Request No. **2026-FPRO-00109**. Your request was received in this office on November 6, 2025 and assigned FOIA Appeal No. 2026-APP-00028. Please ensure that any and all future correspondence references the aforementioned FOIA appeal tracking number.

We will review your request for compliance with the applicable federal regulation, 39 C.F.R. § 265.8, which sets forth the requirements for letters of appeal, and we will contact you if further information is required. When your request satisfies the regulatory requirements, the General Counsel or his designee will review your appeal and issue a written decision to you.

Should you have any questions, we can be reached at 202-268-2608.

Sincerely,

Kelechukwu Idika
Government Information Assistant

475 L'Enfant Plaza SW, Rm. 6400
Washington DC  20260-1100

31

Ethics & Legal Compliance
Law Department


UNITED STATES POSTAL SERVICE

*via* email

December 1, 2025

Mr. Darron Jeffries
deeveejay@outlook.com

Re: Freedom of Information Act Appeal No. 2026-APP-00028
FOIA Case No. 2026-FPRO-00109

Dear Mr. Jeffries:

This is in response to your letter dated October 30, 2025, which was received in our office on November 6, 2025. In your letter, you appealed from the action of Daneisha White, Lead Government Information Specialist, on your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Privacy Act, 5 U.S.C. § 552a, for access to records related to a Letter of Warning (LOW) Discipline. After carefully considering your appeal, we are remanding Ms. White's action on your request in full. A decision on this matter is attached to this letter.

With regard to the portion of this appeal that is being remanded for further processing, you will receive a response directly from Ms. White. If you are dissatisfied with that response, you may file an appeal with the General Counsel at that time.

With the exception of the part of the request that was remanded for further processing, this is the final decision of the Postal Service regarding your right of access to records requested pursuant to the FOIA and the Privacy Act. You may seek judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have a principal place of business, the district in which the records are located, or in the District of Columbia.

The Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect the requester's right to pursue litigation. The contact information for OGIS is as follows:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
Room 2510
College Park, MD 20740-6001
Email: ogis@nara.gov
Telephone: 202-741-5770
Toll free: 1-877-684-6448
Facsimile: 202-741-5769

For the General Counsel,

Daria A. Valan
Digitally signed by Daria A. Valan
Date: 2025.12.01 11:55:27 -05'00'

Daria A. Valan
Attorney
Ethics & Legal Compliance

475 L'Enfant Plaza SW
Washington, DC 20260

https://about.usps.com/who/legal/foia/

32

Enclosure

cc: Daneisha White
    FOIAAppeal@usps.gov

ETHICS & LEGAL COMPLIANCE
LAW DEPARTMENT


UNITED STATES
POSTAL SERVICE

**OFFICE OF THE GENERAL COUNSEL**
HEADQUARTERS, WASHINGTON, DC

IN RE, APPEAL OF CASE NO.
2026-FPRO-00109

APPEAL NO. 2026-APP-00028

ATTORNEY DARIA A. VALAN
ON BEHALF OF GENERAL COUNSEL THOMAS J. MARSHALL

OPINION AND ORDER

After careful consideration, this office is remanding the action of Daneisha White, Lead Government Information Specialist, on FOIA request 2026-FPRO-00109.

I. STATEMENT OF FACTS

1. By correspondence dated October 10, 2025, the requester submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for the following:

   *All information related to Letter of Warning (LOW) Discipline given on April 25, 2025 for Employee Identification Number (EIN): 04677512. This request includes the PDI questions asked on file to write the discipline.*

   *To also be included the dates of when and names of PERSON(S) entering ALL physical information in eOPF. . . .*

2. On October 23, 2025, Daneisha White, Lead Government Information Specialist, responded to the request. Ms. White issued a *Glomar* response, neither confirming nor denying the existence of responsive records.

3. By correspondence dated October 30, 2025, the requester appealed this decision. The requester challenged the applicability of Exemption 6 to their request.

II. APPLICABLE LAW

Congress enacted the FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352 (1976). Congress balanced this objective by recognizing that "legitimate governmental and private interests could be harmed by release of certain types of information." *Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 621 (1982). The FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of the Navy*, 562 U.S. 562, 562 (2011). In addition, other laws allow the Postal Service to withhold certain categories of records and information. *See* 39 U.S.C. § 410(c).

Under Exemption 6, personnel, medical, and other similar files are protected from mandatory disclosure if that disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) ("Exemption 6"). Exemption 6 is interpreted broadly, applying to all information—in whatever format—about an identifiable person. *E.g., U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600-02 (1982); *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015). This includes Government records on an individual which can be identified as applying to that individual. *Wash. Post Co.*, 456 U.S. at 602.

475 L'ENFANT PLAZA SW
WASHINGTON, DC 20260-4201

https://about.usps.com/who/legal/foia/

Exemption 6 protects a person's privacy interest in avoiding the public disclosure of personal matters. *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 500 (1994). "[T]he information must be 'of such a nature that its disclosure would constitute a clearly unwarranted privacy invasion.'" *Matthews v. Fed. Bureau of Investigation*, 575 F. Supp. 3d 166, 177 (D.D.C. 2021) (quoting *Jud. Watch, Inc. v. U.S. Dep't of State*, 282 F. Supp. 3d 36, 49–50 (D.D.C. 2017)). However, a person's privacy interest need only be very slight for Exemption 6 to apply. *See Fed. Lab. Rels. Auth.*, 510 U.S. at 500. Further, "privacy interests protected by the exemptions to FOIA are broadly construed." *Associated Press v. U.S. Dep't of Just.*, 549 F.3d 62, 65 (2d Cir. 2008). Moreover, the information so protected need not be of an intimate or highly personal nature. *See U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600-02 (1982). For example, it includes information that, if publicly disclosed, could result in harms like annoyance, *see Fed. Lab. Rels. Auth.*, 510 U.S. at 501, embarrassment, or retaliation, *see U.S. Dep't of State v. Ray*, 502 U.S. 164, 176-77 (1991).

When a privacy interest in non-disclosure exists, then that privacy interest must be balanced against the public interest in disclosure. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175-79 (1991); *see also Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004) (Exemption 7(C)). There is a presumption that disclosing the information is a clearly unwarranted invasion of personal privacy unless the requester can show: (1) the public interest at issue is significant; and (2) that the information requested is likely to advance that interest. *Id.; see also U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 495 (1994).

The only public interest cognizable under Exemption 6 is the extent to which disclosure would serve the core purpose of the FOIA, which is to "contribut[e] significantly to public understanding of the operations or activities of the government." *U.S. Dep't of Def. v. Fed. Lab. Rels. Auth.*, 510 U.S. 487, 495 (1994). The requester's private interest in disclosure is not relevant in this balancing. *Id.* at 496. For example, the fact that the requester would benefit in private litigation by having the information disclosed is irrelevant. *See Nat'l Lab. Rels. Bd. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). A very slight cognizable personal privacy interest is sufficient to outweigh a negligible or non-existent public interest under Exemption 6. *See Fed. Lab. Rels. Auth.*, 510 U.S. at 497, 500; *accord Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989), *cert. denied*, 494 U.S. 1078 (1990).

An agency may issue a "*Glomar* response" that neither confirms nor denies the existence of responsive records or information when merely acknowledging the existence of responsive records or information would cause harm cognizable under a statutory exemption. *ACLU v. Cent. Intel. Agency*, 710 F.3d 422, 426 (D.C. Cir. 2013); *Wolf v. Cent. Intel. Agency*, 473 F.3d 370, 374 (D.C. Cir. 2007). Courts have confirmed that a *Glomar* response can be appropriate when an unwarranted invasion of personal privacy is at stake. *See, e.g., People for the Ethical Treatment of Animals v. Nat'l Insts. of Health, Dep't of Health & Hum. Servs.*, 745 F.3d 535, 540-42 (D.C. Cir. 2014) (Exemption 7(C)); *see also* 5 U.S.C. § 552(b)(6).

However, agency generally cannot invoke Exemption 6 to withhold from an individual a record or information that pertains only to that individual. *See Dean v. Fed. Deposit Ins. Corp.*, 389 F. Supp. 2d 780, 794 (E.D. Ky. 2005); *see also Kowack v. U.S. Forest Serv.*, No. CV 11-95-M-DWM, 2015 WL 3767126, at *4 (D. Mont. June 16, 2015) (citing *U.S. Dep't of Just. v. Reps. Comm. For Freedom of the Press*, 489 U.S. 749, 771 (1989), in the context of the similar Exemption 7(C)). Because Exemption 6's personal privacy interest belongs to the individual, not the agency, that interest can be waived only by the individual. *See Sherman v. U.S. Dep't of the Army*, 244 F.3d 357, 363-64 (5th Cir. 2001) (citing *Reps. Comm.*, 489 U.S. at 763-65). However, when the record or information pertains not only to the requester, but also identifies another individual, that other individual may also have a cognizable personal privacy interest that must be protected under Exemption 6. *See Kowack*, 2015 WL 3767126, at *3-4.

35

### III. LEGAL ANALYSIS

The requester sought certain disciplinary records connected to a particular Employee Identification Number (EIN). Because the EIN referenced in the request is associated with the requester, a *Glomar* response was inappropriate for this particular request. *See Dean v. Fed. Deposit Ins. Corp.*, 389 F. Supp. 2d 780, 794 (E.D. Ky. 2005); *see also Kowack v. U.S. Forest Serv.*, No. CV 11-95-M-DWM, 2015 WL 3767126, at *4 (D. Mont. June 16, 2015) (citing *U.S. Dep't of Just. v. Reps. Comm. For Freedom of the Press*, 489 U.S. 749, 771 (1989), in the context of the similar Exemption 7(C)). Therefore, we are remanding the search for further processing.[1]

### IV. CONCLUSION

For the foregoing reasons, Ms. White's action on FOIA request 2026-FPR0-00109 is remanded for further processing.

For the General Counsel,

**Daria A. Valan**
Digitally signed by Daria A. Valan
Date: 2025.12.01 11:57:24 -05'00'

Daria A. Valan
Attorney
Ethics & Legal Compliance

---

[1] Please note that the only issue on appeal is whether a *Glomar* response was appropriate. It does not address whether any FOIA Exemptions, including Exemption 6, may be appropriate if any responsive records are located.

PRIVACY AND RECORDS MANAGEMENT OFFICE



December 2, 2025

Via Email: deeveejay@outlook.com

Darron Jeffries Jeffries
Supervisor Customer Service
USPS
PO Box 11
Union, ME 04862-0011

RE: FOIA Case No. 2026-FPRO-00629

Dear Mr. Jeffries:

This is an acknowledgment to your Freedom of Information Act (FOIA) request of October 10, 2025, in which you seek access to Postal Service records. Your request was received by this office on December 2, 2025, and assigned FOIA Tracking Number **2026-FPRO-00629**. In order to assist you in a timely manner, please ensure that all future correspondence contains the aforementioned FOIA Tracking Number.

Should you have any questions regarding your request, please contact the Postal Service FOIA Requester Service Center at (202) 268-2608 between the hours of 08:30AM – 04:30PM, Eastern Standard Time.

Sincerely,

Kelechukwu Idika
Government Information Assistant

475 L'Enfant Plaza SW, Rm. 1P830
Washington DC  20260-1101
(202) 268-2608
FAX: (202) 268-5353

37

Privacy & Records Management Office



December 10, 2025

Via Email: deeveejay@outlook.com

Darron Jeffries
PO Box 11
Union, ME 04862-0011

RE: FOIA Case No. 2026-FPRO-00629

Dear Mr. Jeffries:

This responds to your Freedom of Information Act (FOIA) request dated October 10, 2025 in which you seek access to Postal Service records.  Specifically, you requested:

**All information related to Letter of Warning (LOW) Discipline given to you on April 25, 2025.**

Under the FOIA, a federal government agency shall determine within **twenty (20) working days** (i.e. Monday through Friday, excepting legal public holidays) after the receipt of any proper request whether to comply and shall immediately notify the requester of any final determination(s), reasons of said determination(s), or any potential "unusual circumstances" that may prevent a final determination within the allotted twenty (20) day time frame 5 U.S.C. §552(a).

Based on the information provided by you, the agency official having jurisdiction over the subject matter of your request is Wendy Goddard, Acting District Manager, United States Postal Service, 151 Forest Ave., Portland, ME 04101-7010.

I have forwarded your request to that office for action and direct response to you.  You may contact Joshua Scott, Consumer & Industry Contact at (207) 482-7196 with any questions.

Sincerely,

*Daneisha White*

Daneisha E. White
Lead Government Information Specialist

cc:  Joshua Scott, Consumer & Industry Contact

475 L'Enfant Plaza SW, Rm. 1P830
Washington DC  20260-1101
(202) 268-2608
Fax: (202) 268-5353

38